United States Court of Appeals,

Eleventh Circuit.

No. 95-2626.

Paul D. BURSIK, Receiver,

Federal Deposit Insurance Corporation, as Statutory Successor to Resolution Trust Corporation, as Receiver for Florida Federal Savings Bank, F.S.B., and as Conservator for Florida Federal Savings Bank, F.S.B., Plaintiff-Counterclaim-Defendant-Appellee,

Peoples Southwest Real Estate Limited Partnership, a Delaware Limited Partnership, Plaintiff-Counterclaim-Defendant,

v.

ONE FOURTH STREET NORTH, LTD.; One Fourth Street North Management, Inc., as the Sole General Partner of One Fourth Street North, Ltd., Defendants-Counterclaim-Plaintiffs-Appellants,

Fox and Grove, Chartered, Incorporated; David J. Abbey, d/b/a Fox and Grove, Chartered, Incorporated; Justice Corporation, Defendants.

June 11, 1996.

Appeal from the United States District Court for the Middle District of Florida (No. 91-201-CIV-T-23C); Steven D. Merryday, Judge.

Before HATCHETT, Circuit Judge, HENDERSON, Senior Circuit Judge, and MILLS[*], District Judge.

*ORDER*

RICHARD MILLS, District Judge:

The order of the District Court granting summary judgment in favor of Appellee Resolution Trust Corporation, as receiver and conservator, is adopted by this Court.

For the reasons set forth in the District Court's order, the summary judgment is AFFIRMED.

APPENDIX

---

[*]Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

United States District Court Middle District of Florida Tampa Division

Resolution Trust Corporation, as Receiver for Florida Federal Savings Bank, F.S.B., and as Conservator for Florida Federal Savings Bank, F.S.B., Plaintiff,

v.

One Fourth Street North, Ltd., et al., Defendants.

Case No. 91-201-Civ-T-23C

***ORDER***

Before the Court is the RTC's (1) motion for summary judgment (doc. 57) and (2) supplemental motion for summary judgment or to dismiss for lack of subject matter jurisdiction (doc. 91).

This claim arose out of the alleged breach of an agreement to settle a foreclosure action brought by Florida Federal against the defendants. The defendants counterclaimed that Florida Federal failed to carry out the settlement agreement. Subsequently, Florida Federal went into receivership, and the RTC, as the receiver, assumed the suit. Later, the RTC assigned its interest in the rights to the property in question to Peoples Southwest Real Estate Limited Partnership, which continued to pursue the suit.

On February 1, 1994, the parties' stipulated partial agreement and joint motion to dismiss was granted, and the plaintiff's claims were dismissed (doc. 163). To the extent the RTC's motions (doc. 57 and 91) relate to the initial complaint, they are DENIED AS MOOT. Furthermore, the RTC's original motion for summary judgment (doc. 57) is redundant and, therefore, is also DENIED AS MOOT.

While the original claims are settled, the defendants' counterclaim against the RTC remains. The counterclaim consists of nine counts, of which the defendants explicitly ceased to pursue

four: IV, VII, VIII, IX (doc. 62, p. 6). Furthermore, the defendants' Supplement to Pretrial Stipulation (doc. 79) explicitly states that the defendants claim no damages. Consequently, Count I, a claim exclusively for damages, has been voluntarily dismissed. The remaining four counts request equitable relief against the RTC: Count II requests enforcement of the agreement, Counts III and VI request specific performance of the agreement, and Count V requests an injunction against the RTC.

The RTC contends that the equitable counts remaining in the defendants' counterclaim are barred by 12 U.S.C. § 1821(j), the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub.L. No. 101-73, 103 Stat. 183.[1] That section states that "[e]xcept as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of power or functions of the [RTC] as a conservator or a receiver." 12 U.S.C. § 1821(j). This provision has been interpreted to restrict injunctions, and other equitable relief, against the RTC when the RTC acts as a receiver or conservator, even if the RTC violates its

---

[1]Many claims which arise against the RTC under somewhat similar circumstances must pass muster under the common law *D'Oench* doctrine, which is effectively codified at 12 U.S.C. § 1823(a). *Twin Const., Inc. v. Boca Raton, Inc.,* 925 F.2d 378, 382-4 (11th Cir.1991); *see Motorcity of Jacksonville, Ltd. v. Southeast Bank,* 39 F.3d 292, 298 (11th Cir.1994). However, the Eleventh Circuit has held that "*D'Oench* does not aid the federal banking authority where bilateral obligations appear in the bank's records." *Twin Const., Inc.,* 925 F.2d at 383. In this case, both the original mortgage and the subsequent settlement agreement were accepted by the parties in writing and both contained bilateral obligations. Therefore, the claims in this case are not affected by the *D'Oench* restrictions.

own procedures or behaves unlawfully.[2]

As stated expressly in the statute, Section § 1821(j) applies only if the RTC is acting in its capacity as receiver. In this case, the RTC was appointed receiver for Florida Federal. During the events resulting in this action, the RTC was attempting to protect or dispose of the assets of Florida Federal and, therefore, was acting in its capacity as receiver for the institution. *See* 12 U.S.C. § 1821(d)(2)(B) and (E). Accordingly, because § 1821(j) precludes the defendants from raising their equitable counts against the RTC, the motions (docs. 57 and 91) are GRANTED as to Counts II, III, V, and VI, which are DISMISSED WITH PREJUDICE.

The Court does not have the authority to enjoin the RTC in relation to the transaction alleged in Count V of the counterclaim, to enforce the settlement agreement as requested in Count II or to order specific performance as requested in Counts III and VI.

---

[2]While the Eleventh Circuit has not addressed this issue, the circuits considering this issue have adopted this interpretation. *See 281-300 Joint Venture v. Orion,* 938 F.2d 35, 39 (5th Cir.1991), *cert. denied,* 502 U.S. 1057, 112 S.Ct. 933, 117 L.Ed.2d 105 (1992); *Ross v. RTC,* 938 F.2d 383, 397-400 (3d Cir.1991), *cert. denied,* 502 U.S. 981, 112 S.Ct. 582, 116 L.Ed.2d 608 (1991); *In re Landmark Land Co. of Oklahoma,* 973 F.2d 283 (4th Cir.1992); *Gross v. Bell Savings Bank PaSa,* 974 F.2d 403 (3d Cir.1992); *Telematics International, Inc. v. NEMLC Leasing Corp.,* 967 F.2d 703, 705-6 (1st Cir.1992); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1328-9 (6th Cir.1993); *National Trust for Historic Preservation v. FDIC,* 22 F.3d 469 (D.C.Cir.1994); *Harkness Apartment Owners Corp. v. FDIC,* No. 87 Civ. 7080, 1993 WL 138772 (S.D.N.Y. April 26, 1993), *aff'd* 999 F.2d 538 (2d Cir.1993); *See also Shoreline Group v. Commonwealth Fed. S & L Assn.,* No. 90-6703, 1991 WL 496658 1991 U.S.Dist. LEXIS 20799 (S.D.Fla. Feb. 14, 1991); *Broderick Mortgage Co. v. RTC,* No. 93-1300-Civ-T-21C, Dkt. 14 (M.D.Fla. Nov. 15, 1993); *Continental Bank v. Resolution Trust Corp.,* No. 92-131 (D.C. April 27, 1993); *Dade-Deerwood Assoc., L.P. v. RTC,* No. 93-0834 (S.D.Fla. May 20, 1993).

**ORDERED** at Tampa, Florida on this 11th day of April, 1995.

/s/ <u>Steven D. Merryday</u>

STEVEN D. MERRYDAY

United States District Judge